**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ANTHONY REILLY,

     Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES
LLC and CREDIT BUREAU
SYSTEMS, INC. (KENTUCKY),

     Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Anthony Reilly (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); and Credit Bureau Systems, Inc. (Kentucky) (hereinafter "CBS") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and 11 U.S.C. §362(k).

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

2

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Hickman County in the State of Kentucky. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

13.    CBS is a corporation headquartered at 100 Fulton Ct., Paducha, KY 42001, that upon information and belief conducts business in the State of Georgia through its registered agent Legal Inc Corporate Services Inc., 1870 The Exchange, Suite 200 #44, Atlanta, GA 30339.

14.    CBS is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.  CBS is a debt collector under the FDCPA.

15.    CBS furnished information about Plaintiff to Equifax that was inaccurate.

## FACTUAL ALLEGATIONS

16.    From on or about July 9, 2024, to Jule 26, 2024, Plaintiff utilized the services of rental vehicle from non-party Hertz due to an accident Plaintiff was in.

17.    Plaintiff had insurance through Kentucky Farm Bureau (hereinafter "KFB") which covered the cost of the rental vehicle with Hertz. On or about July 29, 2024, KFB received the invoice for the rented car Hertz and KFB made said payment to Hertz. Said payment cleared on or about August 5, 2024.  Plaintiff no longer owed any money to Hertz.

18.    On or about October 17, 2024, KFB emailed Plaintiff proof that payment had been made to Hertz.

4

19.    Plaintiff assumed everything was taken off and that there were no issues per the email from KFB, however he was shocked and stunned to see CBS falsely reporting on his credit report that he owed on the Hertz account.

20.    Immediately upon discovery Plaintiff contacted KFB on or about August 2025, who in turn emailed Hertz with documentation on or about 8/15/2025 that this debt had been previously paid.

21.    On or about August 18, 2025, Hertz responded to KFB's emailing stating that they would contact CBS and "correct to show them proof of payment and that the check was cleared."

22.    Having heard nothing, and with the negative reporting by CBS continuing, KFB again emailed Hertz letting them know about the error on January 5, 2026. That same day Hertz responded, saying they would reach out to the billing representative to get it resolved.

23.    Having grown frustrated with CBS' inability to correct the solution, on or about January 29, 2026, Plaintiff mailed a detailed written dispute to Equifax via USPS Certified Mail (Tracking #9589 0710 5270 2629 2537 72) about the inaccurate reporting, stating that the CBS account should not be reported at all as it was paid over a year ago. To prove his identity Plaintiff included images of her driver's license and social security card. Plaintiff also included images of the incorrect reporting as

well as the documents from KFB documenting where payment had been made. Plaintiff also included images of some of the email exchanges from KFB and Hertz discussing how payments had been made and that Hertz would contact CBS to show them proof of payment.

24.    Said detailed dispute letter was delivered to Equifax on February 2, 2026, however as of the filing of this Complaint, Plaintiff has not received a response from Equifax.

25.    Having heard nothing back, Plaintiff pulled her Equifax credit report on March 6, 2026, and was devastated to see nothing had been changed and Equifax still showed the false CBS representation.

26.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

27.    Equifax never attempted to contact Plaintiff during the alleged investigation.

28.    Upon information and belief, Equifax notified CBS of Plaintiff's dispute. However, CBS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation. Had CBS looked at its records, the records provided to Equifax

or the records presumably provided by Hertz, it could have easily ascertained that the account in question had been paid in full.

29. Plaintiff continues to suffer as of the filing of this Complaint with the Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

30. If at any point during this time frame, any Defendant had conducted a reasonable investigation, the results would have been different.

31. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

7

iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

32.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

33.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

34.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

35.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

36.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

8

37.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

38.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

39.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

40.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Anthony Reilly, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Equifax Information Services LLC (Willful)**

41.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

42.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43.     Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

44.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

45.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

46.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

47.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress;

10

and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

48.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Anthony Reilly, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

50.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

11

51.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

52.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

53.    Plaintiff provided Equifax with the information it needed to confirm that she was not responsible for the debt. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

54.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

55.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

56.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Anthony Reilly, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

57.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

58.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

59.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

60.    Plaintiff provided Equifax with the information it needed to confirm that she was not responsible for the debt. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

61.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

62. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

63. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Anthony Reilly, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Credit Bureau Systems, Inc. (Kentucky) (Negligent)

64. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

65. CBS furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

15

66.     After receiving Plaintiff's disputes, CBS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

67.     Plaintiff provided all the relevant information and documents necessary for CBS to have identified that the account in question had been paid off and was not delinquent.

68.     CBS knowingly chose to follow procedures which did not review, confirm, or verify the status of the account.

69.     CBS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

70.     As a direct result of this conduct, action, and/or inaction of CBS, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71.    The conduct, action, and inaction of CBS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

72.    Plaintiff is entitled to recover costs and attorney's fees from CBS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Anthony Reilly, respectfully requests that this Court award actual damages against Defendant, Credit Bureau Systems, Inc. (Kentucky); jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Credit Bureau Systems, Inc. (Kentucky) (Willful)

73.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

74.    CBS furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

17

75. After receiving Plaintiff's disputes, CBS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

76. Plaintiff provided all the relevant information and documents necessary for CBS to have identified that the account in question had been paid off and was not delinquent.

77. CBS knowingly chose to follow procedures which did not review, confirm, or verify the status of the account.

78. CBS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

79. As a direct result of this conduct, action, and/or inaction of CBS, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.    The conduct, action, and inaction of CBS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

81.    Plaintiff is entitled to recover costs and attorney's fees from CBS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Anthony Reilly, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Credit Bureau Systems, Inc. (Kentucky); award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Anthony Reilly, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against

Defendants, Equifax Information Services LLC; and Credit Bureau Systems, Inc. (Kentucky), jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 17th day of March, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*Attorney for Plaintiff*